IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **GLORIA M.,** | * |
| **Plaintiff,** | * |
| | *   **Civil No. TMD 19-2154** |
| v. | * |
| **ANDREW M. SAUL,** | * |
| **Commissioner of Social Security,** | * |
| **Defendant.** | * |

************

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Gloria M. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 10) and Defendant's Motion for Summary Judgment (ECF No. 11).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 11) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

# Background

Following remand by the Court and the Appeals Council (R. at 571-76, 616-19), Administrative Law Judge ("ALJ") Richard Furcolo held a supplemental hearing on February 7, 2019, in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified (R. at 509, 547-70). On March 26, 2019, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of July 1, 2011, through the date late insured ("DLI") of December 31, 2012. R. at 503-29. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity from July 1, 2011, through December 31, 2012, and that her spine disorder was a severe impairment through the DLI. R. at 512-14. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 514-15.

The ALJ then found that, through the DLI, Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she could operate foot controls bilaterally on an occasional basis; could reach overhead and reach in all other directions on a frequent basis bilaterally; could frequently finger and feel bilaterally; should never climb ladders or crawl; could occasionally stoop, kneel, and crouch; and should avoid concentrated exposure to hazards.

R. at 515.[2]  In light of this RFC and the VE's testimony, the ALJ found that, through the DLI, Plaintiff could have performed her past relevant work as a mail clerk. R. at 519-20. Plaintiff also could have worked as clerical checker, sorter, or inspector through the DLI. R. at 520. The

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

ALJ thus found that Plaintiff was not disabled from July 1, 2011, through December 31, 2012. R. at 521.

On July 23, 2019, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## <u>Substantial Evidence Standard</u>

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff argues that the ALJ failed to follow the proper procedure for analyzing mental impairments. Pl.'s Mem. Supp. Mot. Summ. J. 3-8, ECF No. 10-1. She then contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). *Id.* at 8-18. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 10-11. She then argues that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence." *Id.* at 11-12 (citing, *inter alia*, *Thomas v. Berryhill*, 916 F.3d 307, 311-12 (4th Cir. 2019); *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). Plaintiff further asserts that the ALJ failed to evaluate properly her combination of impairments. *Id.* at 13-14. Plaintiff finally argues that the ALJ failed to address her chronic headaches. *Id.* at 14-18. For the following reasons, Plaintiff's contentions are unavailing.

**A.    ALJ's Evaluation of Plaintiff's Mental Impairment**

Plaintiff contends that the ALJ failed to follow the special technique under 20 C.F.R. § 404.1520a when he evaluated her mental impairment. *Id.* at 3-8. "The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. In addition to the five-step analysis discussed above in Part II and outlined in 20 C.F.R. §§ 404.1520 and 416.920, the Commissioner has promulgated additional regulations governing evaluations of the severity of mental impairments. 20 C.F.R. §§ 404.1520a, 416.920a. These regulations require application of a psychiatric review technique at the second and third steps of the five-step framework, *Schmidt v. Astrue*, 496 F.3d 833, 844 n.4 (7th Cir. 2007), and at each level of administrative review. 20 C.F.R. §§ 404.1520a(a), 416.920a(a). This technique requires the reviewing authority to determine first whether the claimant has a "medically determinable mental impairment." *Id.* §§ 404.1520a(b)(1), 416.920a(b)(1). If the claimant is found to have such an impairment, then the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," *id.* §§ 404.1520a(b)(2), 416.920a(b)(2), which specifies four broad functional areas: (1) "understand, remember, or apply information"; (2) "interact with others"; (3) "concentrate, persist, or maintain pace"; and (4) "adapt or manage oneself." *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). According to the regulations, if the degree of limitation in each of the four areas is rated "none" or "mild," then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe," "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id.* §§ 404.1520a(d)(1), 416.920a(d)(1). If the claimant's mental impairment is severe, then the reviewing authority will first compare the relevant medical findings and the functional limitation ratings to the criteria of listed mental disorders in order to determine whether the impairment meets or is equivalent in severity to any listed mental disorder. *Id.* §§ 404.1520a(d)(2),

416.920a(d)(2). If so, then the claimant will be found to be disabled. If not, the reviewing authority will then assess the claimant's RFC. *Id.* §§ 404.1520a(d)(3), 416.920a(d)(3). "The ALJ's decision must show the significant history and medical findings considered and must include a specific finding as to the degree of limitation in each of the four functional areas." *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (per curiam) (citing 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4)); *see Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662, 659 (4th Cir. 2017). The "failure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review." *Patterson*, 846 F.3d at 662.

Here, the ALJ found that Plaintiff "has no limitation in the four areas of mental functioning, understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself." R. at 513. Plaintiff "was diagnosed with major depressive disorder, but she alleges no specific functional limitations from the medically determinable impairment." R. at 513. Plaintiff "was prescribed psychotropic medication but she stopped taking it." R. at 513. She "is not currently engaged in psychiatric treatment or psychotherapy. Records attribute depression to social issues." R. at 513. The ALJ also reviewed Plaintiff's reported activities of daily living. R. at 513, 514. The ALJ noted the findings from Plaintiff's consultative examination, which also reported no significant limitations in daily activities. R. at 513-14. The ALJ thus found that, "[b]ecause [Plaintiff's] medically determinable mental impairment caused no more than 'mild' limitation in any of the functional areas, it was nonsevere." R. at 514.

"Contrary to [Plaintiff's] argument, the ALJ's opinion contains sufficient analysis to allow [the Court] to review the basis for his findings. Notably, the ALJ thoroughly evaluated

and cited to [Plaintiff's] mental health assessments and treatment records to support the RFC assessment." *Love v. Comm'r, Soc. Sec. Admin.*, Civil No. PWG-17-681, 2017 WL 6368620, at *2 (D. Md. Dec. 13, 2017), *report and recommendation adopted*, 2018 WL 3458715 (D. Md. Jan. 5, 2018). These findings and records provide substantial evidence for the ALJ's determination regarding Plaintiff's functional limitations. "The ALJ therefore properly considered and discussed [Plaintiff's] mental impairments in accordance with the 'special technique' set forth in § 404.1520a." *Id.* at *3. Plaintiff's argument in this regard is thus unavailing.

**B.     ALJ's RFC Assessment**

The Court next addresses Plaintiff's contention that the ALJ erred in assessing her RFC. Pl.'s Mem. Supp. Mot. Summ. J. 8-18, ECF No. 10-1. SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's

capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC). The ALJ also "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017).

Plaintiff first contends that the ALJ failed to perform a proper function-by-function assessment of her ability to perform work-related activities. Pl.'s Mem. Supp. Mot. Summ. J. 10-11, ECF No. 10-1. According to Plaintiff, remand is warranted because the ALJ failed to make any findings regarding her abilities to lift and carry objects and to stand, walk, or sit. *Id.* at 11. The ALJ expressly limited Plaintiff light work, however. By doing so, the ALJ determined the extent of the physical activities that Plaintiff was capable of performing. *See Cynthia J. v. Saul*, Civil No. DLB-19-909, 2020 WL 2797465, at *2 (D. Md. May 29, 2020); *see also see Hines*, 453 F.3d at 563 ("In light of SSR 96-8p, this [RFC assessment] implicitly contained a finding that [the claimant] physically is able to work an eight hour day."); 20 C.F.R.

§§ 404.1567(b), 416.967(b) (defining light work); SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) (defining "frequent").

Plaintiff then argues that, by failing to set forth a narrative discussion while assessing her RFC, the ALJ did not comply with SSR 96-8p. Pl.'s Mem. Supp. Mot. Summ. J. 11-13, ECF No. 10-1. In assessing her RFC, however, the ALJ considered the treatment records, opinion evidence, hearing testimony, and her credibility (R. at 515-19). *See Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) ("We hold that the ALJ's decision is supported by substantial evidence in the record. The ALJ exhaustively reviewed [the claimant's] testimony, her treatment records, and the evaluations by the SSA physicians. The ALJ generally credited the SSA physicians' opinions that [the claimant] was capable of performing work at the light exertional level, with occasional postural limitations, but found additional physical limitations to be in order based upon [the claimant's] treatment records."); *Ladda v. Berryhill*, 749 F. App'x 166, 172 (4th Cir. 2018) ("[T]he ALJ in this case used evidence from the record to explain his finding that [the claimant] was capable of light work. For example, the ALJ noted that [the claimant] claimed that he could walk for only ten to fifteen minutes at a time and could not lift ten pounds, but he explained that the other evidence in the record, such as medical records and opinion evidence, did not fully substantiate these claims. The ALJ also explained the relative weight he assigned to the statements made by [the claimant], [the claimant's] treating physician, and the state agency medical consultants. The ALJ provided a sufficiently thorough discussion for us to agree that his conclusion that [the claimant] was limited to light work was supported by substantial evidence."). Plaintiff's contention in this regard thus is unavailing.

Plaintiff also maintains that the ALJ failed to evaluate the combination of her impairments. Pl.'s Mem. Supp. Mot. Summ. J. 13-14, ECF No. 10-1. "To be sure, an ALJ must

'adequately explain his or her evaluation of the combined effects of [a claimant's] impairments.'" *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 866 (4th Cir. 2014) (alteration in original) (quoting *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989)). The ALJ here found that Plaintiff's dysfunction of the major joints and her major depressive disorder were not severe impairments because they did not cause more than minimal limitation in her ability to perform basic work activities through the DLI (R. at 512). Even though Plaintiff's rotator cuff disorder was not a severe impairment through the DLI, the ALJ included limitations in reaching and overhead reaching in the RFC assessment (R. at 512). The ALJ also noted that Plaintiff alleged no specific functional limitations from her mental impairment (R. at 513). The ALJ then found that Plaintiff did not have an impairment or *combination of impairments* that met or medically equaled a listed impairment (R. at 514-15). In assessing Plaintiff's RFC, the ALJ considered all her symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective evidence and other evidence (R. at 515). *See id.* at 865 ("The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word."). In any event, Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of [her] disability claim." *Id.* Thus, even if the ALJ had erred in this regard, the error was harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S. Ct. 1696, 1705-06 (2009).

Plaintiff finally argues that, despite acknowledging her headaches (R. at 515, 516, 517), the ALJ failed to address adequately her chronic headaches (R. at 555-56). Pl.'s Mem. Supp. Mot. Summ. J. 14-18, ECF No. 10-1. The VE testified that an individual's being off task more than ten percent of the time or being absent two days or more per month would preclude work.

R. at 568.  The ALJ found that "[t]he evidence fails to support a conclusion that [Plaintiff] had any additional functional limitations as a result of her medically determinable impairments, including limitations regarding excessive absences or time off task."  R. at 519.  Plaintiff does not dispute the ALJ's determination that her "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record."  In assessing her RFC, the ALJ considered the medical evidence and Plaintiff's reported activities.  R. at 516-19.  Even if the ALJ had erred in his consideration of Plaintiff's headaches, the error was also harmless.  *See Sanders*, 556 U.S. at 409-10, 129 S. Ct. at 1705-06.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

V

**<u>Conclusion</u>**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 11) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: June 19, 2020                                              /s/
                                                                         Thomas M. DiGirolamo
                                                                         United States Magistrate Judge